IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RODERICK LUJAN, as Personal
Representative of the Estate of CLEOTILDE URIOSTE,

    Plaintiff,

vs.  No. _____

CORPORATION X, CORPORATION Y,
VISTA LIVING COMMUNITIES, LLC,
AN OHIO COMPANY, d/b/a THE ARBORS OF DEL REY,
JESUS ROBERTO DURAN, M.D.,
JOHN DOES 1-5 and JANE DOES 1-5,

    Defendants.

## NOTICE OF REMOVAL OF DEFENDANT VISTA LIVING COMMUNITIES, LLC, AN OHIO COMPANY, d/b/a THE ARBORS OF DEL REY

Defendant Vista Living Communities, LLC, an Ohio company, d/b/a The Arbors of Del Rey ("Defendant Vista"), by and through its counsel, Dixon, Scholl and Bailey, P.A. (Steven S. Scholl and Matthew Hironaka), hereby remove this action from the Fourth Judicial District Court, County of San Miguel, New Mexico to the United State District Court for the District of New Mexico pursuant to 28 U.S.C. § 1441(b).  As grounds for removal, Defendant Vista states the following:

### NATURE OF ACTION AND SERVICE

1.    Plaintiff Roderick Lujan, as Personal Representative of the Estate of Cleotiled Urioste ("Plaintiff"), initiated this action on February 8, 2011, in the Fourth Judicial District Court, County of San Miguel, New Mexico (No. D-412-CV-2011-00075) by filing a "Complaint to Recover Damages for Personal Injuries and Wrongful Death Arising out of Negligence, Medical Negligence, Misrepresentation, Breach of Contract, Unfair Trade Practices, Negligent Infliction of

Emotional Distress, Violation of the Resident Abuse and Neglect Act, and Loss of Consortium" ("Complaint").

2.   Attached hereto collectively as **Exhibit A** is a copy of the all process, pleadings, and orders served on Defendant Vista in accordance with 28 U.S.C. § 1446(a) and D.N.M.LR-Civ. 81.1(a).

3.   Defendant Vista's registered agent CT Corporation, received a Summons and copy of the Complaint by mail on March 30, 2011.

4.   As of April 28, 2011, no Return of Summons has been filed for any of the named Defendants. Affidavit of Steven S. Scholl ("Scholl Affidavit"), a copy of which is attached hereto as **Exhibit B**, ¶¶3-5, 7-12.

5.   As of April 28, 2011, the Court Clerk has not issued Summonses for Corporation X, Corporation Y, John Does 1-5 or Jane Does 1-5. *Id.* at ¶12.

6.   Defendant Jesus Roberto Duran, M.D., has not been served with process nor otherwise received a copy of the Complaint. *Id.* at ¶5.

7.   Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within thirty days after receipt of Plaintiff's Complaint.

## GROUNDS FOR REMOVAL

8.   Defendants may remove "any civil action brought in a State court of which the district courts of the United State have original jurisdiction." 28 U.S.C. § 1441(a). The United States District Court for the District of New Mexico has original jurisdiction over this action pursuant to the following:

     **a.**     **Citizenship of the Parties properly joined and served.**

9.     The district courts have original jurisdiction of civil matters between citizens of different states. 28 U.S.C. § 1332(a)(1).

10.     A civil action shall be removable "if none of the parties in interest properly joined **and served** as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).

11.     As of April 28, 2011, Plaintiff has served only Defendant Vista in the state court action. Scholl Affidavit at ¶¶5-12.

12.     Defendant Vista is organized under the laws of the State of Ohio with its principal place of business in Toledo, Ohio. *See* the New Mexico Public Regulations Commission information on Vista Living Communities, LLC, Ohio Foreign Limited Liability Company attached hereto as **Exhibit C**.

13.     The deceased, Cleotilde Urioste, was a citizen of the State of New Mexico at the time of her death. Compl., ¶3.

14.     The Personal Representative of the Estate of Cleotilde Urioste, Roderick Lujan, is a citizen of the State of New Mexico. 28 U.S.C. § 1332(c)(2) ([T]he legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent....")

15.     As such, complete diversity exists between Plaintiff and Defendant Vista and this action is properly removed by Defendant Vista as no citizens of New Mexico have been properly joined and served as defendants in this action. 28 U.S.C. § 1441(b).

Case 2:11-cv-00362-JAP-CG   Document 1   Filed 04/29/11   Page 4 of 6

**b.      Amount in Controversy.**

16.     "The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by allegation in the notice of removal. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

17.     In cases where plaintiff's state court complaint fails to identify a specific amount plaintiff seeks to recover, "[a] defendant must affirmatively establish jurisdiction by proving jurisdictional facts that ma[ke] it possible that $75,000 [i]s in play." *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir.2008).

18.     In a wrongful death case, "the complaint on its face may be sufficient by itself to support removal." *Id.* at 957; *see also Evett v. Consolidated Freightways Corp.*, 110 F.Supp.2d 510 (E.D.Tex.2000) (recognizing that where complaint did not specifically state dollar amount of damages sought, the serious and permanent nature of the alleged injuries make it readily apparent that damages could easily exceed $75,000.)

19.     In this case, Plaintiff has not asserted a specific amount in the Complaint that Plaintiff seeks to recover. *See generally* Compl.  Plaintiff's Complaint on its face, however, including but not limited to the allegations asserted in Count I - Negligence and Medical Negligence, more than demonstrate the amount in controversy more likely than not exceeds $75,000.00.

20.     Plaintiff's claim for Negligence and Medical Negligence alleges that Defendant Vista's acts or omission were "more ordinarily negligent, and were grossly negligent, willful, wanton, reckless and disregardful" and caused the decedent, Cleotilde Urioste, "to suffer serious injuries, emotional and physical pain and suffering, various medical complications, medical related

Page 4

expenses, loss of enjoyment of life and premature death...." Compl. at ¶11. Similarly in *McPhail*, the plaintiff's complaint alleged plaintiff's husband suffered "severe bodily injuries which in turn led to permanent and progressive injury and his wrongful death." *McPhail*, 529 F.3d at 957. (Internal quotation omitted). Like the complaint in *McPhail*, the Plaintiff's Complaint, because of the allegation and the nature of the damages sought therein, on its face is sufficient to support removal. *See Id.*

21. In addition, Plaintiff's prayer for relief seeks "all damages available under the Wrongful Death Act and other statutory violations...." Compl. at prayer for relief. N.M.S.A. § 41-2-3 provides "that the jury in every such action may give such damages, compensatory and exemplary, as they deem fair and just, taking into consideration the pecuniary injury resulting from the death to the surviving party entitled to the judgment, or any interest in the judgment, recovered in such action and also having regard to the mitigating or aggravating circumstances attending the wrongful act, neglect or default." Plaintiff's prayer for relief under the Wrongful Death Act sets forth the nature and extent of damages a plaintiff may recover and further establishes jurisdictional facts that make it possible that the amount in controversy exceeds $75,000.00.

22. Finally, undersigned counsel has reviewed the allegations and claims asserted in Plaintiff's Complaint and, based upon twenty-two (22) years of practicing law in New Mexico, having tried over fifty (50) cases in both New Mexico State courts and the United States District Court for the District of New Mexico and having litigated approximately one hundred (100) medical malpractice lawsuits, undersigned counsel's opinion is that the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. Scholl Affidavit at ¶14.

23. Given the diversity of the relevant parties and an amount in controversy in excess of $75,000.00, this Court has jurisdiction over the claims asserted in this action pursuant to 28 U.S.C. § 1332, and this action is properly removable pursuant to 28 U.S.C. § 1441(b).

## CONSENT AND NOTICE

24. Defendant Vista is the only party to have been served with process in the state court action and, thus, has not sought the consent of the removal of this action.

25. Written notice of the filing of this Notice of Removal is being delivered to Plaintiff through his counsel. A copy of this Notice of Removal will be promptly filed with the Clerk of Court, Fourth Judicial District Court, County of San Miguel, New Mexico.

WHEREFORE, Defendant Vista Living Communities, LLC, an Ohio company, d/b/a The Arbors of Del Rey respectfully requests that this action be removed from the Fourth Judicial District Court, County of San Miguel, New Mexico to the United State District Court for the District of New Mexico.

Respectfully Submitted,

Dixon, Scholl & Bailey, P.A.

By */s/ Steven S. Scholl*
Steven S. Scholl
Matthew Hironaka
DIXON, SCHOLL & BAILEY, P.A.
*Attorneys for Defendant Vista Living Communities, LLC, an Ohio company, d/b/a The Arbors of Del Rey*
P.O. Box 26746
Albuquerque, New Mexico 87125-6746
(505) 244-3890 Mexico 87125-6746
(505) 244-3890