IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**RODERICK LUJAN, as Personal Representative**
**Of the Estate of CLEOTILDE URIOSTE,**

    **Plaintiff,**

vs.                                                             Cause No. 2:11-CV-00362
                                                                            GBW/CG

**CORPORATION X, CORPORATION Y,**
**VISTA LIVING COMMUNITIES, LLC,**
**AN OHIO COMPANY, d/b/a THE ARBORS OF DEL REY,**
**JESUS ROBERTO DURAN, M.D.,**
**JOHN DOES 1-5 AND JANE DOES 1-5,**

    **Defendants.**

**PLAINTIFF'S MOTION TO REMAND**

COMES NOW, the Plaintiff, by and through his attorneys of record, The Kauffman Firm (Cid D. Lopez), Tim Chelpaty, and David Romero, and respectfully requests this matter to be immediately remanded to the state court, specifically, the Fourth Judicial District Court of New Mexico. Defendant's Notice of Removal is factually incorrect and legally erroneous [Doc. 1]. This Court does not have subject matter jurisdiction over this matter and it therefore must be remanded to state court. As grounds for Plaintiff's Motion, Plaintiff states the following:

**NATURE OF SUIT**

Plaintiff's claim is on behalf of the Estate of Cleotilde Urioste (deceased) for wrongful death, medical negligence, breach of contract, misrepresentation, unfair trade practices, violation of the Resident Abuse and Neglect Act, and loss of consortium.

Plaintiff alleges that Defendant Vista Living Communities, LLC (Defendant Vista), as well as Jesus Roberto Duran, M.D., Corporation X, Corporation Y, and John and Jane Doe 1-5 were individually and collectively liable for wrongful and negligent acts that were the direct and proximate cause of Cleotilde Urioste's death.[1]

## PROCEDURAL BACKGROUND

1. Plaintiff's lawsuit was filed on February 8, 2011 in the Fourth Judicial District Court of New Mexico.

2. Defendant Vista's registered agent was served with the Summons and Complaint by certified mail on March 30, 2011.

3. Defendant Vista filed its Notice of Removal [Doc. 1] on April 29, 2011. Plaintiff's Motion to Remand is therefore timely. 28 U.S.C § 1447(c).

4. Defendant Jesus R. Duran, M.D. was personally served with the Summons and Complaint on May 4, 2011. **EX. 1, attached hereto Summons served on Defendant Duran**.

5. Concurrence to this Motion to Remand from counsel for Defendant Vista was sought but it was not given.

## AUTHORITY

Federal removal jurisdiction is statutory in nature and must be strictly construed. *See Shamrock Oil & Gas Corp., v. Sheets*, 313 U.S. 100, 108-109 (1941); *Pritchett v. Office Depot, Inc.*, 404 F.3d 1232, 1235 (10th Cir. 2005) ("It is well established that the statutes conferring jurisdiction upon the federal courts, and particularly removal statues,

---

[1] Because no discovery has been conducted on the issue, presently Plaintiff does not know the name(s) of the entiy(ies) that employed Defendant Duran at relevant times. It is believed that any such entity would be a corporaition or company registered under the laws of the State of New Mexico, further supporting Plaintiff's argument that this Court lacks subject matter jurisdiction.

are to be narrowly construed in light of our constitutional roles as limited tribunals.") A party invoking federal jurisdiction has the burden of establishing its propriety. *See Montoyo v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002); *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1271 (10th Cir. 1998); *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). That burden, moreover, is a heavy one. *Fajen v. Found. Reserve Ins.*, 683 F.2d 331, 333 (10th Cir. 1982) (observing that "all doubts are to be resolved against removal"). The Courts will assume as true all allegations in the complaint, resolving all doubt in favor of remand. *Laughlin*, 50 F.3d at 873.

### DEFENDANT VISTA'S REMOVAL IS IMPROPER

Defendant Vista's Notice of Removal, Paragraph 12, states that Defendant Vista is a corporation organized under the laws of the State of Ohio with its principal place of business in Toledo, Ohio. Defendant Vista incorrectly contends that this Court has subject matter jurisdiction based <u>solely</u> on the fact that Defendant Vista is an Ohio corporation and Plaintiff is a resident of New Mexico. Defendant Vista acknowledges that a co-defendant in this lawsuit is Jesus Roberto Duran, M.D. (Paragraph 6 and Exhibit B, Paragraphs 3 and 4), but contends that removal is proper because Defendant Duran had not been served with the Summons and Complaint at the time of filing the Notice of Removal.[2] Defendant Vista's argument however, is mispaced, as it is well-settled that a party's failure to serve a defendant who would destroy diversity does not justify removal. *See Pecherski v. General Motors Corp.*, 636 F.2d 1156, 1160 (8th Cir. 1981) ("[T]he prevailing view is that the mere failure to serve a defendant who would defeat diversity jurisdiction does not permit a court to ignore that defendant in determining the propriety

---

[2] Defendant does not contend this Court has jurisdiction on the basis of federal question. Therefore, Plaintiff does not address this issue in her Motion to Remand.

3

of removal."); *see also Pullman Co. v. Jenkins*, 305 U.S. 534, 541 (1939) ("[T]he fact that the resident defendant has not been served with process does not justify removal by the non-resident defendant.").

In a flawed attempt to <u>create</u> complete diversity, Defendant Vista has ignored the fact that its co-defendant, Dr. Duran, at material times was a resident and still is a resident of the State of New Mexico, and continues to practice medicine in this state. **EX. 2, attached hereto, New Mexico Medical Board Physician General Information Inquiry**. Defendant Vista hastily removed this action knowing full well that Defendant Duran was a named party to this lawsuit and that a Summons had been issued on March 22, 2011 to Defendant Duran. As opposed to contacting Plaintiff's counsel to inquire whether Plaintiff had served, intended to serve or abandoned his claims against Defendant Duran, Defendant Vista chose to remove this lawsuit on legally defective grounds.

Due to difficulties having Defendant Duran served with the Summons and Complaint, Plaintiff was unable to immediately serve Defendant Duran following the filing this lawsuit; however, service of process on Defendant Duran has now been completed. In any event, as cited *supra*, Defendant Vista cannot remove simply because a resident defendant has not yet been served with process. "As a matter of common sense, the court is confident, beyond any doubt, that Congress did not add the "properly joined and served" language in order to reward defendants for conducting and winning a race, which serves no conceivable public policy goal, to file a notice of removal before the plaintiffs can serve process….[R]emovability cannot rationally turn on the timing or

sequence of service of process." *Sullivan v. Novartis Pharms.*, 575 F.Supp.2d 640, 646 (D.N.J. 2008).

Moreover, Defendant has not provided evidence of a clear and unequivocal expression by Plaintiff that could possibly be construed as an intention to abandon his claims against Defendant Duran. To the contrary, Plaintiff has personally served Defendant Duran. Absent such showing, any express or implicit argument by Defendant Vista that Plaintiff has voluntarily abandoned such claims must fail. *See Delatte v. Zurich Ins. Co.*, 683 F.Supp. 1062, 1063-64 (M.D. La. 1988) ("In order to constitute a voluntary abandonment, however, there must be a definite or unequivocal expression of intent to discontinue the action against the non-diverse party."). Pursuant to 28 U.S.C. § 1447(c), this case must be remanded to state court for want of subject matter jurisdiction.

**PLAINTIFF'S REQUEST FOR COSTS AND ATTORNEY FEES**

Following receipt of Defendant Vista's Notice of Removal, undersigned counsel immediately phoned counsel for Defendant Vista to explain that his client's Notice of Removal was improper. Undersigned counsel respectfully pointed out that Defendant Duran is a resident of New Mexico, and, as a result, Defendant Vista's Notice of Removal was improper. Undersigned counsel further pointed out that pursuant to 28 U.S.C. § 1447(c), Plaintiff may be entitled to costs and attorney fees upon remand of this lawsuit to state court. Counsel for Defendant Vista refused to withdraw the Notice of Removal. Under these circumstances, Plaintiff respectfully requests that this Court award Plaintiff the costs and attorney fees incurred as a result of Defendant Vista's improper removal. *See e.g. Cornwall v. Robinson*, 654 F.2d 685 (10th Cir. 1981); *Baas v. Elliot*, 71 F.R.D. 693 (E.D.N.Y. 1976).

## CONCLUSION

Based on the foregoing, Defendant's Notice of Removal was improper and legally deficient, as complete diversity between the parties is lacking. Plaintiff respectfully prays that the Court issue an order remanding the case to state court, an award of the attorney fees and cost incurred in moving the Court to remand, and for such additional relief as the Court deems just and proper.

Respectfully submitted by:
The Kauffman Firm

/s/ Cid D. Lopez
_____
Gregory R. Kauffman, M.D., J.D.
Cid D. Lopez
500 Tijeras Ave., NW
Albuquerque, NM 87102
(505) 242-5297
cidlopez@gmail.com


and


Tim Chelpaty
Chelpaty Law Offices
121 Wyatt Dr. #2
Las Cruces, NM 88005
(575) 525-3123
chelpatylaw@yahoo.com

and

Dave Romero, Jr.
Romero Law Firm, P.A.
PO Box 3030
Las Vegas, NM 87701
(505) 425-7000
421x1523@gmail.com

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that Plaintiff served a true and accurate copy of *PLAINTIFF'S MOTION TO REMAND* on counsel of record, Steven S. Scholl and Matthew Hironaka, through the CM/ECF system, which caused all parties entitled to notice to be served by electronic means, as more fully reflected on the Notice of Electronic Filing on this 5th day of May, 2011.

_____/s/ Cid D. Lopez_____
Cid D. Lopez
The Kauffman Firm
500 Tijeras Ave., NW
Albuquerque, NM 87102