IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RODERICK LUJAN, as Personal
Representative of the Estate of CLEOTILDE URIOSTE,

      Plaintiff,

vs.                                              Civ. No. 11-362 GBW-CG

CORPORATION X, CORPORATION Y,
VISTA LIVING COMMUNITIES, LLC,
AN OHIO COMPANY, d/b/a THE ARBORS OF DEL REY,
JESUS ROBERTO DURAN, M.D.,
JOHN DOES 1-5 and JANE DOES 1-5,

      Defendants.

**DEFENDANT VISTA LIVING COMMUNITIES, LLC'S RESPONSE
TO PLAINTIFF'S MOTION TO REMAND**

Defendant Vista Living Communities, LLC, an Ohio company, d/b/a The Arbors of Del Rey ("Defendant Vista"), by and through its counsel, Dixon, Scholl and Bailey, P.A. (Steven S. Scholl and Matthew Hironaka), hereby responds in opposition to Plaintiff's Motion to Remand as follow:

**INTRODUCTION**

Plaintiff asserts that removal is improper because Jesus Robert Duran, M.D. (Dr. Duran), a citizen of New Mexico, was named as a defendant and, therefore, complete diversity between Plaintiff and defendants does not exist. At the time Defendant Vista filed its Notice of Removal, Dr. Duran had not been served with process in the state court action despite Plaintiff's State court action having been filed for nearly three (3) months. More importantly with respect to the issue of complete diversity, however, Dr. Duran is improperly joined in this action and his joinder should not be consider for the purposes of determining jurisdiction. Plaintiff's naming of Dr. Duran violated

New Mexico law mandating that certain procedures be followed before suit is filed.

## PROCEDURAL BACKGROUND

1. Plaintiff filed his Complaint to Recover Damages for Personal Injuries and Wrongful Death Arising out of Negligence, Medical Negligence, Misrepresentation, Breach of Contract, Unfair Trade Practices, Negligence Infliction of Emotion Distress, Violation of the Resident Abuse Act, and Loss of Consortium ("Complaint") on February 8, 2011 in the Fourth Judicial District Court, County of San Miguel, New Mexico. Plaintiff's Motion to Remand [Doc. 6] ("Motion"), ¶1.

2. San Miguel County has no relationship to the deceased, the named defendants or the events giving rise to the claims asserted in Plaintiffs Complaint, and was apparently chosen by Plaintiff because of its hostility towards defendants and favoritism towards plaintiffs.

3. Defendant Vista's registered agent CT Corporation, received a Summons and copy of the Complaint by mail on March 30, 2011. Motion at ¶2.

4. Defendant Vista waited until the last possible day, April 29, 2011, to timely file its Notice of Removal. *See* Motion at ¶3; 28 U.S.C. § 1446(b) ("The notice of removal of a civil proceeding shall be filed within thirty days after the receipt by defendant ... of a copy of the initial pleading....")

5. Plaintiff failed to serve Dr. Duran with process in the State court action until May 4, 2011; nearly three (3) months after Plaintiff filed its lawsuit and five (5) days after Defendant Vista filed its Notice of Removal. *See* Motion at ¶4.

6. Dr. Duran is a qualified Healthcare provider under the New Mexico Medical Malpractice Act. Exhibit 1, Letter from Counsel for Dr. Duran to Plaintiff's Counsel.

7. Plaintiff made no application with the New Mexico medical review board as of the date Defendant Vista filed its Notice of Removal. Motion at Ex. 2 (showing "PUBLIC ACTIONS: None" dated May 4, 2011.); *see also* Notice of Removal, Exhibit B, Affidavit of Steven S. Scholl, ¶6 ("Dr. Duran is further unaware of any complaint filed with the New Mexico Medical review commission against him by the Estate of Cleotilde Urioste and/or Roderick Ludjan, individually, and /or as Personal Representative of the Estate of Cleotilde Urioste.")

8. Plaintiff's Complaint fails to state a claim against Dr. Duran upon which relief may be granted. *See generally* Complaint.

## I. DR. DURAN IS FRAUDULENTLY JOINED IN THIS ACTION AND HIS JOINDER CANNOT DEFEAT DEFENDANT VISTA'S RIGHT OF REMOVAL.

"The fraudulent joinder exception, derived from the words "parties properly joined" in 28 U.S.C. § 1441(b), protects defendants seeking to assert their removal rights from the addition of "sham" parties that defeat federal jurisdiction." *Katz v. Costa Armatori, S.p.A.*, 718 F.Supp. 1508, 1514 (S.D.Fla.1989) The "right of removal cannot be defeated by a fraudulent joinder of a resident defendant...." *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S.Ct. 35, 37 (1921). "While issues of liability may not ordinarily be determined on a motion to remand, it is well settled that upon allegations of fraudulent joinder designed to prevent removal, federal courts may look beyond the pleadings to determine if the joinder, although fair on its face, is a sham or fraudulent device to prevent removal." *Smoot v. Chicago, Rock Island & Pac. R.R. Co.*, 378 F.2d 879 (10th Cir.1967). "The joinder of a resident defendant against whom no cause of action is stated is patent sham, and though a cause of action be stated, the joinder is similarly fraudulent if in fact no cause of action

exists." *Dodd v. Fawcett Publications, Inc.*, 329 F.2d 82, 85 (10th Cir.1964). (Internal citations and quotations omitted.) The lack of a valid cause of action "must be capable of summary determination and be proven with complete certainty"; the court should not "pre-try, as a matter of course, doubtful issues of fact to determine removability[.]" *Id.*

Plaintiff's joinder of Dr. Duran in this case is fraudulent based upon Plaintiff's failure to comply with the mandatory pre-filing requirements under New Mexico's Medical Malpractice Act. Plaintiff's disregard of the Medical Malpractice Act and failure to serve Dr. Duran until nearly three (3) months after filing his State court action, and not until after Defendant Vista filed its Notice of Removal, further demonstrates fraudulent joinder where Plaintiff's counsel is an experienced medical malpractice litigator and there is a lack of any difficulty locating Dr. Duran for the purpose of serving process.

**A. No Malpractice Action May Be Filed Against Dr. Duran Before Application Is Made To The Medical Review Commission and Its Decision Is Rendered.**

In New Mexico "[n]o malpractice action may be filed in any court against a qualifying health care provider before application is made to the medical review commission and its decision is rendered." N. M. S. A. 1978, § 41-5-15 (1976). "[T]he necessity for a [medical review commission] determination prior to the filing of a medical malpractice claim **remains a mandatory procedural threshold that must be crossed in the ordinary case.**" *Rupp v. Hurley*, 131 N.M. 646, 651, 41 P.3d 914, 919 (N.M.App. 2001) (emphasis added). In this case, Plaintiff filed his Complaint on February 8, 2011, naming as a defendant Dr. Duran, a qualified Healthcare provider (Exhibit 1), and asserting Medical Negligence against him. Complaint, ¶8-11. As of May 4, 2011, however, no

application with the medical review commission had made on behalf of Cleotilde Urioste. Motion at Ex. 2 (showing "PUBLIC ACTIONS: None" dated May 4, 2011.); *see also* Notice of Removal, Exhibit B, Affidavit of Steven S. Scholl at ¶6 ("Dr. Duran is further unaware of any complaint filed with the New Mexico Medical review commission against him by the Estate of Cleotilde Urioste and/or Roderick Ludjan, individually, and /or as Personal Representative of the Estate of Cleotilde Urioste.") Thus, Dr. Duran is fraudulently joined in Plaintiff's State court action because there is currently no valid cause of action against him. *See Dodd*, 329 F.2d at 85.

This case further exemplifies why the Medical Malpractice Act's mandatory procedural requirement must be fulfilled prior to filing a legal action. The purpose of New Mexico's Medical Malpractice Act is

> to prevent where possible the filing in Court of actions against physicians and their employees for professional malpractice in situations where the facts do not permit at least a reasonable inference thereof; and, on the other hand, to make possible the fair and equitable disposition of such claims against physicians as are, or reasonably may be, well founded [by providing an expert witness].

*Rupp*, 131 N.M. at 651, 41 P.3d at 919 *quoting* Ruth L. Kovnat, Medical Malpractice Legislation in New Mexico, 7 N.M.L.R. 5, 35 (1976-77) (Appendix I-Joint Medical-Legal Plan for Screening Medical Negligence Cases). In this case, had Plaintiff fulfilled the mandatory application to the medical review commission, facts permitting or not permitting a reasonable inference of malpractice could have been established. *See id.* This is especially pertinent here where Plaintiff's Complaint is entirely devoid of factual allegations against Dr. Duran giving rise to Plaintiff's claims against him. *See generally* Complaint (failing to set forth any facts of what Dr. Duran did, when Dr. Duran did it or how Dr. Duran's action harmed the deceased). The purpose of the Medical Malpractice Act

is fulfilled though the application procedure during which well founded facts may discovered and inferences of malpractice, if any, determined. *See Rupp*, 131 N.M. at 651, 41 P.3d at 919. The application process would have been particularly helpful in this case to determining whether additional grounds to support Dr. Duran's fraudulent joinder exist; including whether Dr. Duran is misjoined in an action against Defendant Vista. *See e.g. Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir.1996) (recognizing "procedural misjoinder" as a form of "fraudulent joinder.")

Plaintiff's failure to make application to the medical review commission in this case is summary evidence which establishes that Plaintiff currently has no valid State court cause of action against Dr. Duran. Application to the medical review commission is mandatory and Plaintiff may not file a malpractice action against Dr. Duran until the medical review commission renders its decision. Completion of this mandatory procedure could further lead to establishing facts that any claim by Plaintiff is unfounded or misjoined with claims against Defendant Vista.

**B. Plaintiff's Counsel's Medical Malpractice Expertise and Plaintiff's Conduct in the State Court Action Further Demonstrate Plaintiff's Fraudulent Joinder.**

One of Plaintiff's counsel, The Kauffman Firm, devotes its entire practice to medical malpractice claims. Exhibit 2, The Kauffman Firm's website. According to their website, The Kauffman firm "is headed by Gregory R. Kauffman, M.D., J.D., ... a ... physician and experienced attorney" whose "extensive experience in medicine and law makes [The Kauffman Firm] particularly qualified to handle complex medical malpractice litigation." *Id.* The necessity of making application to the medical review commission prior Plaintiff filing his State court Complaint cannot have been lost on The Kauffman Firm; a law firm headed by a physician and a firm that "knows

about medical laws" and "handles all types of New Mexico Medical Malpractice Cases." *Id.* Plaintiff's failure to first exhaust the mandatory administrative process, a requirement in place for the last thirty-five (35) years, cannot have been an oversight based upon Plaintiff's counsel's self proclaimed expertise in New Mexico medical malpractice litigation.[1] Rather, Plaintiff's failure to comply with the mandatory administrative process that Plaintiff's counsel knew must be exhausted before filing a malpractice action in any court, evidences that the joinder of Dr. Duran, a non-diverse resident defendant, in this action is a sham for the purpose avoiding federal jurisdiction.

Plaintiff's failure to serve Dr. Duran with process in the State court action until nearly three (3) months after filing the Complaint additionally shows the fraudulent nature of joining Dr. Duran as a defendant. Plaintiff vaguely explains his failure to serve Dr. Duran nearly three months after filing his Complaint "[d]ue to difficulties." Yet, conveniently, Plaintiff had little difficulty serving Dr. Duran with State court process five (5) days after the filing of the Notice of Removal. Plaintiff's prior difficulty serving Dr. Duran is especially peculiar since Plaintiff obviously had access to Dr. Duran's "General Information" on file with the New Mexico Medical Board. *See* Motion, Exhibit 2. Moreover, undersigned counsel was able to contact Dr. Duran with no difficulty by calling the same business telephone number identified in the General Information on file with the New Mexico Medical Board; which can be found by employing a simple internet search. *See* Exhibit 3. It is unlikely that Plaintiff experienced any "difficulties" serving Dr. Duran. Instead, and in conjunction

---

[1] Undersigned Counsel learned shortly before filing this Response that Plaintiff may very recently have filed an application with the New Mexico Medical Review Commission. *See* Exhibit 1. A malpractice action against a qualified Healthcare provider, however, may not be filed in court "before application is made to the medical review commission **and its decision is rendered**." N. M. S. A. 1978, § 41-5-15(A) (emphasis added).

with Plaintiff's failure to make application with the medical review board, it appears more likely that Plaintiff had no intention of serving Dr. Duran in the State court action.

Plaintiff's conduct in failing to make application with the medical review commission and failing to serve Dr. Duran until after the Notice of Removal was filed is more reasonably explained by the procedural restriction for removal contained in 28 U.S.C. § 1446(b). Pursuant to 28 U.S.C. § 1446(b), "a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action." 1446 (b) not only requires that a notice of removal be filed within thirty (30) days after receipt by defendant of the initial pleadings but further limits removal to one (1) year from the date the State court action is commenced. 28 U.S.C. § 1446(b). Therefore, in this case, had Defendant Vista failed to file its Notice of Removal within thirty (30) days after receipt of Plaintiff's Complaint, Plaintiff could have left Dr. Duran unserved in the State court action and continued to disregard the Medical Malpractice Act's mandatory pre-filing requirements. Plaintiff would be free to dismiss Dr. Duran on February 8, 2012, and thereby prevent Defendant Vista procedurally from removing this action from a State court venue known to be particularly hostile to out-of-state defendant nursing care providers and which has absolutely no ties to the deceased, the defendants or events giving rise to the Complaint.

Plaintiff's failure to make application to the medical review commission in this case is summary evidence which establishes unmistakably that the diversity-defeating defendant, Dr. Duran, cannot be liable to Plaintiff at this time under applicable state law. Plaintiff's knowing disregard of the Medical Malpractice Act's pre-litigation requirements and failure to serve Dr. Duran until nearly three (3) months after filing his State court action, and only after Defendant Vista filed its Notice of

Removal, further evidences Plaintiff's motive to avoid Federal jurisdiction by fraudulently joining Dr. Duran; especially when there appears to be no difficulty to locate Dr. Duran and where Plaintiff's counsel is a physician, knows the medical laws and handles all kinds of medical malpractice claims in New Mexico. Because Dr. Duran is fraudulently joined in this matter, there is complete diversity between Plaintiff and the only properly joined defendant, Defendant Vista. This Court, therefore, has jurisdiction pursuant to 28 U.S.C. § 1332; this case is properly removed pursuant to 28 U.S.C. § 1446(b); and Plaintiff's Motion to Remand should be denied.

**II. PLAINTIFF'S REQUEST FOR FEES AND COSTS SHOULD BE DENIED IN THE EVENT THIS CASE IS REMANDED TO STATE COURT AS THERE IS A REASONABLE BASIS FOR SEEKING REMOVAL.**

The Supreme Court of the United States recently clarified the standards governing an award of fees under § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005). In this case, there is a clear and objectively reasonable basis for seeking removal. Defendant Vista's removal was based upon the complete diversity between Plaintiff and Defendant Vista as the only "properly joined and served" defendant in this case under 28 U.S.C. § 1441(b). While Plaintiff named Dr. Duran as a defendant in his Complaint, a fraudulently joined defendant will not be considered for the purposes of determining complete diversity. *See Katz*, 718 F.Supp. at 1541 ("The fraudulent joinder exception, derived from the words "parties properly joined" in 28 U.S.C. § 1441(b), protects defendants seeking to assert their removal rights from the addition of "sham" parties that defeat

federal jurisdiction."); *Wilson*, 257 U.S. at 97, 42 S.Ct. at 37 (recognizing that the "right of removal cannot be defeated by a fraudulent joinder of a resident defendant....") As explained hereinabove, Dr. Duran is fraudulently joined in this action because Plaintiff has not made application to the medical review commission; a mandatory requirement before a plaintiff may file a malpractice claim against a qualified Healthcare provider. N. M. S. A. 1978, § 41-5-15. Nor are there any unusual circumstances that give rise to an awards of attorney's fees and costs.

Even in the event this Court determines to remand this case to State court, it was objectively reasonable for Defendant Vista to seek removal of this case at the time Defendant Vista filed its Notice of Removal. Contrary to Plaintiff's assertion that Defendant Vista "hastily" removed this action (Motion at pg. 4), Defendant Vista waited until April 29, 2011; the last day it could timely remove this case. *See* 28 U.S.C. § 1446(b) (requiring that a notice of removal be filed within thirty (30) days after receipt by defendant of the initial pleadings.) Prior to Defendant Vista filing its Notice of Removal on April 29, 2011, Plaintiff had approximately eighty (80) days from the date he filed his Complaint (February 8, 2011) to show Dr. Duran was properly joined and served by making application to the medical review commission and serving Dr. Duran with State court process. Defendant Vista, however, had to assess the propriety of Dr. Duran's joinder and Plaintiff's intent to pursue his vaguely alleged claims against Dr. Duran based upon Plaintiff's conduct under the time limitations imposed by 1441(b). Defendant Vista waited until the last possible day to timely remove this case; at which time, an objectively reasonable basis existed to support Dr. Duran being improperly joined in the State court action as Plaintiff had not made the mandatory pre-filing application to the medical review commission and there appeared to be no reason for Plaintiff's

failure serve Dr. Duran with the process in the State court action.

While Plaintiff's counsel asserts that he phoned undersigned counsel to explain that the Notice of Removal was improper (Motion at pg. 5), Plaintiff's counsel simply stated that removal was improper because Dr. Duran was resident of New Mexico and that Plaintiff had "difficulties" locating and serving Dr. Duran with process in the State court action. Plaintiff, however, made no assertion that an application to the medical review commission had been made, would be made or that application to the commission was unnecessary. Nor did Plaintiff's assertion that Dr. Duran had not been served "due difficulties" appear to have merit when Dr. Duran's contact information is so easily accessible.

At the time Defendant Vista filed its Notice of Removal, the objective evidence showed that Plaintiff purposely disregarded the requirements of the Medical Malpractice Act and had made no effort to serve Dr. Duran. Thus, at the time of removal, Defendant Vista had a reasonably objective basis for believing Dr. Duran was fraudulently joined and removal was properly based upon the complete diversity between Plaintiff and Defendant Vista as the only properly joined and served defendant. Therefore, in the event this case is remanded to State court, Plaintiff's request for attorney's fees and costs should be denied.

WHEREFORE, Defendant Vista Living Communities, LLC, an Ohio company, d/b/a The Arbors of Del Rey respectfully requests that Plaintiff's Motion to Remand this case to State court be denied; Plaintiff's request for attorney's fees and costs be denied; and for such additional relief this Court deems just and proper.

Respectfully Submitted,

Dixon, Scholl & Bailey, P.A.

By <u>*/s/ Matthew Hironaka*</u>
    Steven S. Scholl
    Matthew Hironaka
    DIXON, SCHOLL & BAILEY, P.A.
    *Attorneys for Defendant Vista Living*
    *Communities, LLC, an Ohio company, d/b/a*
    *The Arbors of Del Rey*
    P.O. Box 26746
    Albuquerque, New Mexico 87125-6746
    (505) 244-3890 Mexico 87125-6746
    (505) 244-3890

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this  23rd  day of May 2011, I caused to be served a true copy of the foregoing document through the CM/ECF system, which caused the following parties to be served by electronic means:

| | |
|---|---|
| Dave Romero, Esq. | Gregory R. Kauffman, M.D., J.D |
| Romero Law Firm P.A. | Cid Lopez, Esq. |
| PO Box 3030 | The Kauffman Firm |
| Las Vegas, NM 87701 | 500 Tijeras Ave., NW |
| (505) 425-7000 | Albuquerque, NM 87102 |
| (505) 425-7003 facsimile | (505) 242-5297 |
| daveromerojr@hotmail.com | (505) 843-7129 facsimile |
| | kauffman@grkauffmanlaw.com |
| Tim Chelpaty Law Offices | Cidlopez@gmail.com |
| Time Chelpaty, Esq. | |
| 121 Wyatt Dr. #2 | |
| Las Cruces, NM 88005 | |
| (575) 525-3123 | |
| (575) 541-0674 facsimile | |
| chelpatytim@qwestoffice.net | |

*s/ Matthew Hironaka*
Matthew Hironaka


I HEREBY CERTIFY that, on this  23rd  day of May 2011, I caused to be served a true copy of the foregoing document by first class mail, postage prepaid to:

Ben M. Allen
Allen, Shepherd, Leis, Syra, & Chapman, P.A.
P.O Box 84750
Albuquerque, NM 87199-4750

*/s/ Matthew Hironaka*
Matthew Hironaka